PearsoN, J.
 

 None of the objections to the right of the defendant, to be discharged under the insolvent law, are tenable, and there is no error.
 

 1st. The notice, a copy of which and of the schedule was served on the plaintiff, gave full information “of the intention of the defendant to avail himself of the benefit of the act.”
 

 2nd. We think the Court had authority to permit the schedule to be amended, so as to remove the objection for the want of certainty in the description of the defendant’s interest in several-matters there set forth, at any time before the oath was administered, and, if the plaintiff was in any way surprised, it was ground for a motion to continue.
 

 3rd. It was sufficient to file the evidence of the debts set out in the schedule, which were in the posses
 
 *512
 
 sion and control of the defendant, at any time before the oath was administered. There is no reason for requiring them to be filed at the same time with the schedule. It may be they are not in the defendant’s possession, and every useful purpose is answered, if they are delivered at the time the discharge is moved for.
 

 4th. The defendant assigns a sufficient reason for not filing the notes and judgments against Medlin, Martindale and Campion. The schedule set out the fact, that the papers are in the hands of one Putney, a constable in the City of Raleigh. They are thus put within the control of the officer, in whom the title is vested by force of the statute, for the benefit of the creditors. There is no evidence that the defendant had a constable’s receipt for those papers.
 

 5th and 6th. It is a matter of public notoriety that proclamation money is wholly worthless and of no value, and the objection because the amount thereof is not stated with precision, and because the same was notified, cannot be sustained.
 

 Pee Curiam. Judgment affirmed.